UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 14 2016

Victor Hernandez,

        Plaintiff,

–v–

Jonathan Daniels, Donna Fields, & Vincent Miccolli,

        Defendants.

14-cv-5910 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Victor Hernandez is a New York state inmate and a prior patient of the Kirby Forensic Psychiatric Center. He has brought this lawsuit alleging that one of Kirby's employees, Defendant Jonathan Daniels, unlawfully disclosed Hernandez's AIDS diagnosis to other patients. Hernandez has sued Daniels and two of Daniels's supervisors. Before the Court is Defendants' motion to dismiss for failure to state a claim under which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The motion argues for dismissal only with respect to the two supervisors. For the reasons provided below, the Court dismisses the claims against these two defendants.

### I. Background

    The following facts are taken from Hernandez's second amended complaint and are assumed to be true. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 110-11 (2d Cir. 2010). At all times relevant to this lawsuit, Hernandez was a New York state prisoner being held as a patient at the Kirby Forensic Psychiatric Center ("Kirby"). Amend. Compl. ¶ 3 (Dkt No. 65). Defendant Daniels worked at Kirby as a Security Hospital Treatment Assistant ("SHTA"). Amend. Compl. ¶ 6; Mot. at 1 (Dkt No. 68). On January 1, 2014, Hernandez was confronted by

1

three other patients at Kirby who informed him that Daniels had told them that Hernandez "had full blown 'Acquired Immunodeficiency Syndrome [AIDS].'" Amend. Compl. ¶ 10. The patients also told Hernandez that Daniels had directed them to "spread the word" about Hernandez's AIDS. Amend. Compl. ¶ 12. Hernandez had not given Daniels access to, or permission to discuss, his medical history. Amend. Compl. ¶ 15.

Hernandez attempted to report Daniels to higher authorities. Initially, Hernandez talked to Defendant Donna Fields, a SHTA Supervisor at Kirby. Amend. Compl. ¶¶ 5, 20. During an in-person conversation, Hernandez told Fields that Daniels had obtained unauthorized access to Hernandez's health information and had inappropriately disclosed his AIDS diagnosis to other patients. Amend. Compl. ¶ 22. In response, Fields told Hernandez that there was "absolutely nothing" she could do. Amend. Compl. ¶ 23. After Hernandez continued to press the matter, Fields told him to file a formal complaint with Kirby's Executive Director, Defendant Vincent Miccolli. Amend. Compl. ¶ 4, 24. Both Hernandez and his mother eventually filed formal complaints against Daniels with Miccolli. Amend. Compl. ¶¶ 28-29. Daniels was never investigated or disciplined, either by Fields or Miccolli. Amend. Compl. ¶¶ 25-27, 30-33.

On July 28, 2014, Hernandez filed a *pro se* complaint against Daniels, Fields, Miccolli, Kirby, and another defendant, Jimenez. Dkt No. 1. The Court subsequently dismissed the claims against Kirby and Jimenez. Dkt No. 7. On January 15, 2015, the remaining defendants (Daniels, Fields, and Miccolli) filed a motion to dismiss. Dkt No. 18. On July 24, 2015, Hernandez filed an amended complaint. Dkt No. 37. Defendants filed a renewed motion to dismiss on September 11, 2015. Dkt No. 48. On December 14, 2015, Hernandez filed a second amended complaint, which the Court subsequently accepted. Dkt No. 65-66. This complaint (Dkt No. 65) is the operative complaint for purposes of this motion. *See* Dkt Nos. 79, 82

2

(denying Plaintiff's request to file a third amended complaint). Defendants renewed their motion to dismiss on January 13, 2016. Dkt No. 67.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Even when a plaintiff provides substantial factual detail, dismissal is appropriate if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A court evaluating a motion under Rule 12(b)(6) must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N. Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

## III. The Supervisors Were Not "Personally Involved" in the Alleged Constitutional Violation

Hernandez's second amended complaint names three defendants: Daniels, Fields and Miccolli. Although the defendants state at the beginning of their brief that they are moving to dismiss the entire second amended complaint, their sole argument in support of this motion is that Hernandez insufficiently alleged the "personal involvement" of the two supervisors, Fields and Miccolli. Mot. at 6. They do not make any arguments as to why the claim against Daniels should be dismissed. *See generally id.* at 1-14. With respect to Fields and Miccolli, the Court agrees with Defendants that, even if Hernandez's allegations are true, these two supervisors did not have sufficient "personal involvement" in the underlying privacy violation to be held liable.

The doctrine of respondeat superior does not apply in § 1983 actions. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Qasem v. Toro*, 737 F. Supp. 2d 147, 151–52 (S.D.N.Y. 2010). In other words, a state actor cannot be held liable merely because he was the supervisor of an employee who acted unconstitutionally. *See Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [Defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a § 1983] claim.") Supervisors such as Fields and Miccolli can be held liable only when they were somehow "personally involved" in the alleged constitutional deprivation. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

In the seminal case *Colon*, the Second Circuit laid out five different ways "personal involvement" could be shown:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (emphases omitted) (quoting *Colon*, 58 F.3d at 873). This case implicates the second prong. Hernandez's amended complaint alleges that he informed both Fields and Miccolli about Daniels's unconstitutional disclosure of Hernandez's AIDS diagnosis, but that neither defendant did anything about it. Amend. Compl. ¶¶ 26-33.

Defendants urge us to rule that the second prong of *Colon* has been abrogated by the Supreme Court's decision in *Iqbal*. Mot. at 5. In *Iqbal*, the Supreme Court wrote that § 1983 liability exists only when the "Government-official defendant, through the official's own

4

individual actions, has violated the Constitution." 556 U.S. at 676. The Court rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." *Id.* at 667. Some district courts in this circuit have read this language in *Iqbal* as abrogating at least some of the *Colon* prongs. *See, e.g., Hollins v. City of New York*, No. 10 Civ. 1650 (LGS), 2014 WL 836950, at *13 (S.D.N.Y. Mar. 3, 2014). Other district courts, however, continue to apply all five *Colon* prongs, either because they believe that *Iqbal*'s limitation on supervisor liability applies only when the underlying constitutional violation involved "invidious" or purposeful discrimination, *see, e.g., Toliver v. N.Y.C. Dep't of Corr.*, No. 10 Civ. 5804 (AKH) (JCF), 2012 WL 5426658, at *4 (S.D.N.Y. Oct. 10, 2012), or because they refuse to read *Iqbal* as overruling *Colon* without explicit Supreme Court or Second Circuit guidance, *see e.g., Cano v. City of New York*, 44 F. Supp. 3d 324, 336 (E.D.N.Y. 2014). The Second Circuit has thus far refrained from resolving the question. *See Grullon*, 720 F.3d at 139; *Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir. 2012).

The Court need not resolve this issue because, even assuming that the second prong of *Colon* remains a viable theory of liability, Hernandez's allegations fall short of satisfying this prong. As a reminder, the second *Colon* prong permits supervisor liability when "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong." 58 F.3d at 873. At base, Hernandez alleges that he informed both Fields and Miccolli of Daniels's unconstitutional actions, but that they did nothing about it. Amend. Compl. ¶ 23 ("Defendant Fields first in response simply advised the plaintiff that there was absolutely nothing in which she could do about Defendant Daniels."); *id.* ¶ 25 ("Defendant Fields…completely failed to

conduct any type of investigation into plaintiff's disturbing allegation."); *id.* ¶ 30 ("Defendant Miccolli never initiated a formal investigation into plaintiff's complaint.").

District courts in this Circuit have repeatedly held that a supervisor who fails to respond to or investigate a report of a constitutional violation does not become "personally involved" for purposes of supervisor liability unless the constitutional violation is ongoing. *See, e.g.*, *McIntosh v. United States*, No. 14-CV-7889 (KMK), 2016 WL 1274585, at *16 (S.D.N.Y. Mar. 31, 2016); *Guillory v. Weber*, No. 9:12–CV–0280 (LEK/RFT), 2015 WL 1419088, *11 (N.D.N.Y. Mar. 27, 2015) ("Whether a supervisory official can be liable under the second *Colon* factor—failing to remedy a wrong after learning of the violation—appears to turn on whether the complaint alleges an 'ongoing' constitutional violation."); *Rahman v. Fisher*, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) ("[A] supervisor may be liable for her failure to remedy a violation only in those circumstances where the violation is ongoing and the defendant has an opportunity to stop the violation after being informed of it."); *Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) ("If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to 'remedy' a violation."). The Court agrees with this approach.

Hernandez's allegations as to Fields and Miccolli thus fail as a matter of law because the alleged constitutional violation in this case was not "ongoing." Here, Daniels disclosed Hernandez's AIDS status once, and this information about Hernandez's health spread from that "one-time violation." *See McIntosh*, 2016 WL 1274585, at *16 (citation omitted); *cf. Rahman*, 607 F. Supp. 2d at 585-86 (finding sufficient personal involvement for a supervisory liability claim because plaintiff pled an "ongoing" "pattern of assaults by guards"). Because the Plaintiff does not allege that Defendants Fields and Miccolli failed to respond to an ongoing constitutional

6

violation, their failure to respond to Daniels's unlawful actions does not make them sufficiently "personally involved" in the underlying constitutional violation such that they can be held liable in this § 1983 action.[1]

## IV.  Conclusion

For the reasons provided above, the motion to dismiss is granted, and the claims against Defendants Fields and Miccolli are dismissed. The motion to dismiss does not make any arguments as to Defendant Daniels, and thus Hernandez's claim against this defendant may proceed.

By separate order, the Court will refer this case to the magistrate judge for general pretrial supervision.

This resolves Docket Number 67.

SO ORDERED.

Dated: September 14, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] In addition to arguing that Defendants Fields and Miccolli were not sufficiently involved in the underlying constitutional violation, the defendants also argue in their motion to dismiss that there is no private right of action under the Health Insurance Portability and Accountability Act ("HIPAA"). Mot. at 12-13. Although the defendants' argument has merit, *see Rosado v. Herard*, No. 12 Civ. 8943 (PGG) (FM), 2013 WL 6170631, at *3 (S.D.N.Y. Nov. 25, 2013), the Court need not address this argument because Hernandez subsequently disavowed any reliance on HIPPA in his complaint, *see* Dkt Nos. 78-79.

7